IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

NORVAL PATTEN,          )
                        )
    Plaintiff,           )
                        )
v.                      )   CV 108-101
                        )
WILLIAM M. FLEMING, JR., Chief  )
Judge, et al.,          )
                        )
    Defendants.         )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Norval Patten commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983[1] and is proceeding *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the above-captioned complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

---

[1]Although Plaintiff also makes a passing reference to 42 U.S.C. §§ 1981, 1985 and 1986 in the certificate of service attached to the above-captioned complaint (doc. no. 1, p. 11), he does not explain how these statutes relate to his allegations or mention these statutes in the above-captioned complaint.

# I. BACKGROUND

*Liberally* construing the above-captioned complaint, the Court finds the following. Plaintiff names the following Defendants: (1) William M. Fleming, Jr., Chief Judge; (2) Daniel Craig, District Attorney; (3) Shauna F. Reeves, Assistant District Attorney; (4) Michael S. Carlson, Assistant District Attorney; (5) Charles R. Sheppard, Assistant District Attorney; (6) Mathew Phares, Investigator; and (7) Jamie Altman, Investigator. (Doc. no. 1, pp. 1, 3 & 5). Plaintiff submits that he was arrested without probable cause and maliciously prosecuted because he is African-American. (Id. at 7 & 9).

Plaintiff alleges that, on June 6, 2002, he was arrested and charged with trafficking cocaine and possession of marijuana. (Id. at 6). Plaintiff contends that, following a November 2002 jury trial, he was convict of both charges. (See id.). Plaintiff submits that his conviction and sentence were subsequently invalidated, and that he was released from incarceration on July 21, 2006.[2] (Id. at 3 & 6).

Plaintiff alleges that, without probable cause, an unnamed magistrate judge issued a warrant for his arrest based on the sworn testimony of Defendant Phares, who targeted him because of his race. (Id. at 3 & 7). Plaintiff contends that, on August 30, 2001, the District Attorney's Office presented falsified documents to the grand jury. (Id. at 8). Plaintiff maintains that, in an effort to prevent the testimony of a witness, Defendants deliberately confined and hid the witness. (Id.). Plaintiff submits that, although Defendant Fleming informed the jury that he lied during his criminal trial, the Georgia Court of Appeals later determined that his testimony was consistent. (Id.). Plaintiff also complains that, during his

---

[2]The Georgia Court of Appeals reversed Plaintiff's convictions because, *inter alia*, evidence of a prior drug conviction was improperly admitted for impeachment purposes. Patten v. State, 621 S.E.2d 550 (Ga. App. 2005).

December 19, 2004 hearing for a new trial, Defendant Fleming was notified of the allegedly hidden witness, but denied his motion for a new trial "on [the] grounds [that] there was no cause for a[n] African-American but jail." (Id. at 9). As relief, Plaintiff requests, *inter alia*, "any damages the law provides" and "damages for incarceration." (Id. at 10).

## II. DISCUSSION

Plaintiff's complaint refers to incidents dating back to 2005. However, Plaintiff did not file the above-captioned complaint until July 2008, almost three (3) years after the events forming the basis of the above-captioned complaint. Claims brought pursuant to 42 U.S.C. § 1983 are subject to dismissal under the applicable two-year statute of limitations in Georgia.[3] Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under 42 U.S.C. § 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611

---

[3] The Court recognizes that the Eleventh Circuit has recently held that 42 U.S.C. § 1981 claims "made possible by a post-1990 enactment" are governed by 28 U.S.C. § 1658's four-year statute of limitations rather than § 1983's applicable statute of limitations. Baker v. Birmingham Bd. of Educ., ___ F.3d ___, 2008 WL 2510177, at *2 (11th Cir. June 25, 2008). In this regard, despite Plaintiff's passing reference to 42 U.S.C. § 1981, it does not appear that any of his potential claims were "made possible by a post-1990 enactment," and thus, 28 U.S.C. § 1658's four-year statute of limitations is inapplicable in this case. Furthermore, to the extent Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1985, the residual, two-year statute of limitations in Georgia applies. See Trawinski v. United Techs., 313 F.3d 1295, 1298-99 (11th Cir. 2002) (*per curiam*) (citations omitted) (affirming the district court's application of the state's two-year limitations period for personal injury actions). Finally, any potential 42 U.S.C. § 1986 claim must be commenced "within one year after the cause of action has accrued." 42 U.S.C. § 1986.

F.2d 1129, 1130 (5th Cir. 1980). Under 42 U.S.C. § 1983, claims accrue when: (1) the plaintiff knows or has reason to know that he or she was injured, and (2) the plaintiff is aware or should be aware of who inflicted the injury.[4] Rozar, 85 F.3d at 562 (citing Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)).

Here, the relevant facts described in the above-captioned complaint occurred more than two (2) years before the date Plaintiff filed the above-captioned complaint. Furthermore, based upon Plaintiff's statement of claim, it appears that Plaintiff knew about his alleged injuries and the identity of the parties he believes to be responsible for his alleged injuries in 2005. (See doc. no. 1). As such, Plaintiff's claims are clearly time-barred by the applicable two-year statute of limitations for claims brought pursuant to 42 U.S.C. § 1983.[5] Therefore, Plaintiff fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the above-captioned complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 25th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]"[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). In this case, the Georgia Court of Appeals reversed Plaintiff's convictions on September 23, 2005. Patten, 621 S.E.2d at 554.

[5]To the extent Plaintiff is attempting to assert claims pursuant to 42 U.S.C. §§ 1985 or 1986, such claims would also be time-barred by their respective two-year and one-year limitation periods.

4