IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NORVAL PATTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-101 |
| | ) | |
| WILLIAM M. FLEMING, JR., Chief Judge, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended dismissing Plaintiff's case for failure to state a claim upon which relief may be granted because he determined that Plaintiff's claims were barred by the applicable statutes of limitation. (Doc. no. 6). Plaintiff contends in his objections that his claims are not time barred and that he should be permitted to amend his complaint to cure any pleading deficiencies. (Doc. no. 11).

The Court recognizes that "[g]enerally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*). However, an amendment need not be allowed, if, *inter alia*, the amendment would be futile. Id. Here, Plaintiff's proposed amendment does

not cure the basis for the Magistrate Judge's recommendation for dismissal. In particular, the proposed amendment fails to show that Plaintiff's claims are not time-barred. Plaintiff's contention that his claims accrued on the date of release, July 21, 2006, rather than the date his conviction was reversed by the Georgia Court of Appeals, September 23, 2005, is foreclosed by a recent, albeit unpublished, Eleventh Circuit decision. Burgest v. McAfee, 264 Fed. Appx. 850, 852-53, 2008 WL 344485 (11th Cir. Feb. 8, 2008) (*per curiam*) (finding that malicious prosecution claim accrued on date of acquittal, not the reported date of release). As Plaintiff's proposed amendment does not alter the analysis that his claims are time-barred, the amendment is futile, and the request to proceed based on the proposed amended complaint is denied.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's case is **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

SO ORDERED this 12th day of September, 2008, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that to the extent Plaintiff is attempting to sue a Superior Court Judge and the District Attorney, as well as various Assistant District Attorneys, those claims are barred by judicial and prosecutorial immunity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004).

2